UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

PAUL ORSELLO,

Plaintiff,

v.

STEVEN GAFFNEY and
ALAN TSCHIDA,

Defendants.

Civil No. 14-972 (JNE/JSM)

**REPORT AND RECOMMENDATION**

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff is attempting to sue two defendants identified as Steven Gaffney and Alan Tschida. Although much of plaintiff's complaint is unintelligible, the Court can deduce that he is attempting to sue defendants for allegedly defrauding him in some type of real estate transaction.[1] Plaintiff claims that defendants have violated his rights under "Article VII" and

---

[1] Plaintiff has attempted to sue defendant Gaffney at least twice before in this District Court, (Orsello v. Gaffney, Civil No. 09-2272 (JNE/SRN), and Orsello v. Gaffney, Civil No. 07-1820 (PAM/JSM)), and it appears from his submissions in those cases that he has also been engaged in litigation with Gaffney in the Minnesota state court system.

the First, Ninth, and Fourteenth Amendments of the Federal Constitution.[2] (Complaint, [Docket No. 1], p. 3, § 4.) However, the Court finds that plaintiff has failed to plead an actionable claim for relief, and this action must therefore be dismissed.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a cause of action on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

---

[2] It is not clear why plaintiff believes that defendants have violated any of the parts of the Constitution that he has cited, but his reference to "Article VII" is particularly unfathomable, as that part of the Constitution merely prescribes the ratification process.

In this case, plaintiff is trying to sue defendants for allegedly violating his constitutional rights. A citizen can seek relief for alleged violations of his federal constitutional rights by bringing a civil rights action under 42 U.S.C. § 1983. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("[s]ection 1983 authorizes a 'suit in equity, or other proper proceeding for redress,' against any person who, under color of state law, 'subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution'") (citations omitted). To state an actionable § 1983 claim, however, a complainant must allege facts showing that the named defendant(s) violated the complainant's constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). See also Moore v. City of Desloge, Mo., 647 F.3d 841, 846 (8th Cir. 2011) (§ 1983 "authorizes a private right of action against those who, under color of law, deprive a citizen of 'any rights, privileges, or immunities secured by the Constitution and laws'") (citations omitted) (emphasis added). It is well settled that "[o]nly state actors can be held liable under Section 1983." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001) cert. denied, 535 U.S. 1017 (2002).

Plaintiff's current complaint fails to state an actionable § 1983 claim, because he has not shown that either of the named defendants is a state actor. Nothing in plaintiff's complaint suggests that either defendant is employed by, or is an agent of, any governmental entity. Indeed, even though much of plaintiff's pleading is incomprehensible, it is evident that both defendants are private antagonists, not government agents or employees.

In sum, plaintiff has not alleged a clear and cogent set of facts, which if proven true, would show that defendants violated plaintiff's constitutional rights while defendants were acting under color of state law. Therefore, plaintiff has not pleaded an actionable civil rights claim.[3]

## III. CONCLUSION

For the reasons discussed above, the Court finds that plaintiff's current complaint fails to state a cause of action on which relief may be granted. The Court will therefore recommend that this action be summarily dismissed, and that plaintiff's IFP application be denied, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Having determined that this action must be summarily dismissed, the Court will further recommend that plaintiff's collateral motion requesting the appointment of an interpreter, (Docket No. 3), be denied.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

---

[3] Plaintiff's complaint includes several vague reference to various sections of the federal criminal code, including 18 U.S.C. §§ 241 and 242. However, the criminal counterparts of the federal civil rights statutes do not create any private right of action, and if plaintiff believes that the Court should somehow initiate a federal criminal case, that notion must be rejected. See United States v. Wadena, 152 F.3d 831, 846 (8th Cir. 1998) ("[c]ourts repeatedly have held that there is no private right of action under § 241"), cert. denied, 526 U.S. 1050 (1999); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) ("[o]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242"). See also United States v. Nixon, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case").

**IT IS HEREBY RECOMMENDED that:**

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Plaintiff's motion seeking appointment of an interpreter, (Docket No. 3), be **DENIED**; and

3. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: April 16, 2014

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 30, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.